## LEEDS & NORTHRUP CO. v. DOBLE ENGINEERING CO.

No. 4171.

Circuit Court of Appeals, First Circuit.

April 21, 1947.

George K. Woodworth, of Boston, Mass., and Samuel E. Darby, of New York City, for appellant.

J. Lewis Stackpole, of Boston, Mass. (H. L. Kirkpatrick, Edgar H. Kent and Fish, Richardson & Neave, all of Boston, Mass., on the brief), for appellee.

Before MAHONEY, GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is a motion by Leeds & Northrup Company, plaintiff-appellant in No. 4171, decided by this court on January 20, 1947, 159 F.2d 644, for leave to file a bill of review in the District Court for the purpose of asking that court to reopen the case for the introduction of additional evidence on two points.

■ First. It wishes to introduce certain evidence which it says will prove that the means it uses for dealing with external charging currents was invented subsequent to the date of the Doble patent. It says that this evidence will invoke a novel rule of law established by the Supreme Court in a case decided after its appeal was argued to us (Halliburton Oil Well Cementing Co. v. Walker, 67 S.Ct. 6), the rule of which case it says, requires a holding that claim 15 of the Doble patent is invalid for failure to make the "full, clear, concise, and exact" description of the alleged invention required by Rev.Stat. 4888, 35 U.S.C.A. § 33. We see no reason for permitting Leeds & Northrup Company to introduce its proffered evidence.

■ In the Halliburton case the Supreme Court was considering combination claims, and in doing so held that each element of a claimed combination must be described in terms of that element's physical characteristics or arrangement in the new combination apparatus, not in terms of what that element will do, i. e. in functional language, so that as a result after discovered devices beyond the range of equivalents which might be used to accomplish the purpose served by an element of the patented combination will not be included in the monopoly of the patent. This is not a novel doctrine, as the Supreme Court takes pains to point out at page 11 of 67 S.Ct. Furthermore the doctrine is not applicable to the case at bar because we held in our first opinion, 134 F.2d 78, and reiterated in our second one, 159 F.2d 644, that claim 15 of Doble's patent is not for a combination of two or more elements, but on the contrary is for his internal shielding system as a separable part, or subcombination of parts, of an entire device including other separate elements covered by other claims.

■ Second. Leeds & Northrup wishes to be allowed to introduce evidence in the court below to show that Doble has been illegally exploiting his patent in that he has been using it "coercively to compel licensees thereunder, to whom apparatus embodying the patented invention has been leased, also

752

to accept, whether desired or not, and at an exorbitant annual price, alleged engineering 'services', and to prohibit the utilization of engineering 'services' of others than Doble." This, it says, is in violation of what is commonly called the Carbice doctrine. Carbice Corp. v. American Patents Development Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819. We see no reason whatever to permit Leeds & Northrup to introduce this evidence because it is apparent from the records before us that Leeds & Northrup has known for years, at least in broad outline, the method used by Doble in exploiting his invention. Had it desired to question the legality of the method used by Doble to reap the reward of his patent it should have done so years ago instead of waiting until this late stage of this protracted litigation.

Motion denied.